IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS ALBERTO RIVERA-CRESPO<br><br>Plaintiff<br><br>vs<br><br>Capt. ANA LOPEZ; Sgt. FNU RIOS;<br>Commander DAVID AGUILA-RODRIGUEZ;<br>Sgt. MIGUEL CABAN, Officer SAMUEL<br>ALEFEDO; Officer LUIS CLAUDIO;<br>FNU JIMENEZ; MARIA DE LEON;<br>FNU MELENDEZ, FRANCIS PACHECO<br><br>Defendants | CIVIL 12-1019CCC |

**OPINION AND ORDER**

Before the Court is Plaintiff's 42 U.S.C. § 1983 (docket entry 3). Defendants filed a Motion to Dismiss the Complaint (**docket entry 22**). For the reasons discussed below, the Court finds that the Complaint must be DISMISSED.

**I.   BACKGROUND**

Plaintiff Luis A. Rivera-Crespo (herein after "Plaintiff" or "Rivera-Crespo"), a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico, has filed a *pro se* complaint for violations of his civil rights pursuant to 42 U.S.C. § 1983. The Court has read and analyzed Plaintiff's complaint, despite it being hard to decipher due to his practically illegible handwriting. The Court has endeavored to try to understand this *pro se* litigant's grievance, despite his poor handwriting since he has stated having impaired vision and hearing. Rivera-Crespo is requesting a restraining order against two prison officials as well as monetary damages[1]. Plaintiff alleges that he is suffering from a pattern of abuse, discrimination and prejudice from different prison officials. Plaintiff goes on to

---

[1] The Court ordered and obtained an English translation filed on March 15, 2013 (docket entry 24). The extended narrative in Spanish, attached to docket entry 3, is extremely difficult to read and will be translated to English only in the event of an appeal.

CIVIL 12-1019CCC                                    2

request that the Department of Correction pay him the sum of three hundred thousand dollars for said pattern of abuse as well as a restraining order be issued against the officials who are committing said abuse.

On March 7, 2013, Defendants filed a Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (docket entry 22).

## II. DISCUSSION

### A. Standard of Review

Under Section 12(b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears . . . that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Bell Atlantic Corp. v. Twonbly, 127 S. Ct. 1955 (2007) (clarifying former parameters of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)); see Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); see also Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007). No heightened fact pleading of specifics is required but only enough facts to state a claim for relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

In recent years, the Supreme Court has issued several opinions that changed the standard for a motion to dismiss requiring to include more factual information in their pleadings in order to survive a 12(b)(6) motion. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). In order for a plaintiff to successfully confront such a motion, the complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his 'entitlement relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." Id., at 1964-65.  The Supreme Court reiterated this pleading standard in Erickson v. Pardus, 551 U.S. 89 (2007): "specific facts are not necessary; the statements need only 'give the defendants fair notice of what the claim is and the grounds upon which it rests'."

In Iqbal, 129 S. Ct. 1937 (2009), the Court left no doubt as to how lower courts must approach a motion to dismiss based on Rule 12 (b)(6).  The Court established that there are two working principles.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'."  Iqbal, at 1949-1950.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, at 1950.

### B.     Standard of Claims under 42 U.S.C. § 1983

In order to have a valid claim pursuant to 42 U.S.C. § 1983, three elements must be alleged by plaintiff before said claim is cognizable:  (1) Plaintiff must allege that the conduct complained about was committed by a person acting "under color of state law;"[2] (2) that the conduct in question "deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States";[3] (3) finally, there has to be a showing of a casual

---

[2] See Gómez v. Toledo, 446 U.S. 635 (1980).

[3] See Parrat v. Taylor, 451 U.S. 527 (1981).

CIVIL 12-1019CCC                                          4

connection between the specific defendants and the plaintiff's federal rights deprivation. This may consist of direct acts by the defendant, certain acts performed at defendant's direction, knowledge or consent. Each defendant individually responds for his own acts and omission in light of his own duties.[4]

The third prong itself has three components. First, plaintiff must show that each of the acts or omissions done by each defendant caused the deprivation of the rights at issue. Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989); Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1989). Second, plaintiff must show that the defendants' conduct or lack thereof was intentional, grossly negligent, or must have amounted to a reckless or callous indifference to the constitutional rights of others. Velázquez-Martínez v. Colón, 961 F. Supp. 362 (D.P.R. 1997). Lastly, plaintiff must show an "affirmative link between the street-level misconduct and the action or lack thereof, of supervisory officials. Gutiérrez-Rodríguez, 882 F.2d at 562.

Rivera-Crespo claims a violation of his civil rights pursuant to Section 1983 based on alleged actions of harassment by penal guards. The facts described in his attachment to the complaint are as follows: that at one point plaintiff was assigned to share a cell with another prisoner whom he claims was a drug user and who had smuggled a telephone to the penal institution; after allegedly filing a grievance against his cellmate, no action was taken against him, instead the cellmate and one of the defendant guards decided to fabricate a case which consisted in the cellmate planting a cellular phone belonging to him inside the battery compartment of plaintiff's wheelchair while he was taking a bath, alerting the guards who, after conducting a search of the prison cell, found the unauthorized items

---

[4] Coon v. Ledbetter, 780 F.2d 1158 (5th Cir 1986); Rizzo v. Goode, 423 U.S. 363, (1976).

CIVIL 12-1019CCC                              5

and initiated a grievance and also filed charges against plaintiff. He further avers that, as a result of those charges, he was eventually transferred from minimum custody to maximum custody. Plaintiff also makes reference to various other instances where cellular telephones allegedly were found in the possession of other prisoners yet, he claims, either no charges were filed against them or, if filed, the sanctions imposed were not as harsh as that imposed upon him.

### C.    Legal Discussion

#### *Sufficiency of the pleadings*

When a plaintiff complaining of civil rights violations is representing himself, his complaint must be read with an extra degree of solicitude. Haines v. Kerner, 404 U.S. 519 (1972). Dismissal of a *pro se* complaint is not warranted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Id., at 520-521.

Such is the case here. Read in the light most favorable to plaintiff, the allegations of his complaint configure, at the most, the garden-variety tort of malicious prosecution which, on these facts, does not rise to the level of a federal constitutional claim. In any event, even if it were, based on the complaint's own allegations it would necessarily falter, as such a claim only accrues when the prosecution ends in plaintiff's favor which was clearly not the case here. See Castellano v. Fragozo, 352 F.3d 939, 953 (5th Cir. 2003). Given these obvious circumstances, plaintiff cannot prosper in his complaint. Therefore, the Court finds that the Complaint must be hereby DISMISSED WITH PREJUDICE for failing to state a plausible claim under which relief may be granted.

CIVIL 12-1019CCC									6

### III.	CONCLUSION

For the reasons stated in this Opinion and Order, the Court concludes that Petitioner Luis A. Rivera-Crespo is not entitled to relief.  Accordingly, it is ordered that Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (docket entry 3) is DISMISSED, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on March 15, 2013.

								S/CARMEN CONSUELO CEREZO
								United States District Judge